UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No: 8:16-cr-284-T-27AAS

**GREGORY H. PETERSON, JR.**
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Peterson's *pro se* "Request for Compassionate Release" (Dkt. 93). A response is unnecessary. The motion is **DENIED**.

Peterson was convicted of five counts of conspiracy to possess with intent to distribute cocaine (Counts One through Five) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count Six). (Dkt. 87). He was sentenced to concurrent terms of 18 months on Counts One through Five and a consecutive term of 60 months on Count Six. (Id.). He now seeks a sentence reduction "under title 18 U.S.C., Section 3582(c)(1)(A)(i) due to extraordinary & compelling circumstances." (Dkt. 93 at 1). He asserts that "due to [his] medical situation," which includes being "disabled," having a history of "hypertension, asthma, sleep apnea, & pes planus/chronic left foot pain," he is entitled to compassionate release. (Id.). He further asserts that "[o]ver 95% of the BOP facilities have been affected by the coronavirus, including USP Atlanta." (Id.). His assertions, however, do not entitle him to compassionate release or a sentence reduction.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First

Step Act of 2018, § 603(b).[1] Although Peterson asserts that he requested the Warden to file a motion on his behalf "in the month of March or April," and that his request was denied, he fails to include any documentation supporting that assertion. (Dkt. 93 at 1). However, even if he did exhaust his administrative remedies, he has not shown extraordinary and compelling reasons warranting compassionate release.

Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Peterson fall within these circumstances. First, although his medical records confirm that he suffers from underlying health conditions (Dkt. 93-1 at 1-5), he does not provide documentation demonstrating that he suffers from a terminal illness or that his medical conditions substantially diminish his ability to provide self-care.[2] *See* U.S.S.G. § 1B1.13, cmt. n.1. Rather, the record reflects that his asserted conditions are regularly treated with

---

[1] This exhaustion requirement cannot be waived. *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic").

[2] *See United States v. Copeland*, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (finding that hypertension treated by medication is "hardly an extraordinary condition" warranting release); *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

medication. (Dkt. 93-1). Second, he is thirty-eight years old and does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. As for his contention that extraordinary and compelling reasons exist because "[o]ver 95% of the BOP facilities have been affected by the coronavirus, including USP Atlanta" (Dkt. 93 at 1), courts in this Circuit have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4. Last, while Peterson's rehabilitation efforts are admirable, *see* (Dkt. 93 at 1), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t).

In summary, Peterson's reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. Accordingly, absent extraordinary and compelling reasons, relief cannot be granted, and the motion is **DENIED**.

**DONE AND ORDERED** this 20th day of November, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record